**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO. 08-390** |
| | **:** | |
| **DAVID FERRELL** | **:** | |

## ORDER

AND NOW, this        day of                , 2009,  it is hereby ORDERED that all

references by defense counsel, defendant or witnesses, during opening statements or closing

arguments, during direct or cross-examination of witnesses,  to the potential  punishment faced

by defendant David Ferrell for the offenses charged, is prohibited.

BY THE COURT:

---

HONORABLE JUAN R. SANCHEZ
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 08-390** |
| | : | |
| **DAVID FERRELL** | : | |


**GOVERNMENT'S MOTION <u>IN LIMINE</u> TO PROHIBIT MENTION OF DEFENDANT
FERRELL'S POTENTIAL PUNISHMENT IF CONVICTED**


**I.      INTRODUCTION**

      The United States of America, by its undersigned attorneys, Michael L. Levy,

United States Attorney for the Eastern District of Pennsylvania, and Joseph Whitehead, Jr.,

Special Assistant United States Attorney, asks this Court to rule <u>in limine</u> that neither defense

counsel, defendant, nor witnesses may make reference to the potential punishment faced by

defendant Johns for the offense charged.  The United States represents as follows.

**II.     STATEMENT OF FACTS**

      The indictment in this case charges that on or about March 2, 2008, defendant

David Ferrell knowingly and intentionally possessed with intent to distribute 5 grams or more,

that is, approximately 16.19 grams, of a mixture and substance containing a detectable amount of

cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1), (b)(1)(B); and knowingly and intentionally possessed with intent to

distribute approximately 16.19 grams of cocaine base ("crack") within 1,000 feet of the real

property comprising the Family Charter School, a public elementary school, located at 907 North

41st Street in Philadelphia, in violation of Title 21, United States Code, Section 860.

## III.   THE LAW

The punishment for the offenses charged is not a proper matter for the jury's

consideration.  United States v. Austin, 533 F.2d 879, 885-86 & n.14 (3d Cir. 1976), cert. denied,

429 U.S. 1043, 97 S. Ct. 746 (1977).  Accord United States v. McDonald, 935 F.2d 1212, 1222

(11th Cir. 1991).  As the Court observed in United States v. Greer, 620 F.2d 1383, 1384 (10th

Cir. 1980):  "The authorities are unequivocal in holding that presenting information to the jury

about possible sentencing is prejudicial."  This prohibition applies equally when evidence of

punishment would prejudice the government and benefit the defendant.  United States v.

Broxton, 926 F.2d 1180, 1182-83 (D.C. Cir. 1991), cert. denied, 499 U.S. 911, 111 S. Ct. 1118

(1991) (affirming district court's refusal to inform the jury that, if convicted, defendant faced a

10-year mandatory minimum term of imprisonment).  Questioning and argument addressing

these issues, thus, would be improper.

The trial court has "a duty to limit the jury's exposure to only that which is

probative and relevant and must attempt to screen from the jury any proffer that it deems

irrelevant."  United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988).  An in limine order is a

proper method of restricting irrelevant evidence.  Id.  Evidence should be excluded where it is

irrelevant to the issue being tried or where it will "induce the jury to decide the case on an

improper basis, commonly an emotional one, rather than on the evidence presented..."  United

States v. Vretta, 790 F.2d 651, 655 (7th Cir.), cert. denied, 479 U.S. 851, 107 S. Ct. 179 (1986)

(citation omitted).

**IV.**     **CONCLUSION**

        For the foregoing reasons, the government respectfully requests that this Court preclude all references by defense counsel, the defendant and witnesses to the potential punishment faced by defendant David Ferrell for the offenses charged, and prohibit the making of any reference to the punishment facing the defendant for the offenses charged in opening or closing argument, direct or cross-examination of witnesses, or otherwise in the hearing of the jury.

                                              Respectfully submitted,

                                              MICHAEL L. LEVY
                                              United States Attorney

                                            _____

                                              JOSEPH WHITEHEAD, JR.
                                              Special Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

        I certify that a copy of the foregoing Motion in Limine has been served electronically and by fax transmission to the following:

JOHN J. McMAHON, JR., ESQUIRE
Law Offices of John J. McMahon
1500 Walnut Street, Suite 1100
Philadelphia, PA 19102
Fax: 215-985-4416

_____
JOSEPH WHITEHEAD, JR.
Special Assistant United States Attorney

Date: